# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF DONALD DENNIS BEURY, BAR NO. 151.

No. 83550

FILED

JAN 06 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER IMPOSING RECIPROCAL DISCIPLINE AND SUSPENDING ATTORNEY*

This is a petition under SCR 114 to reciprocally discipline attorney Donald Dennis Beury based on his one-year stayed suspension, and two-year probation requiring a six-month actual suspension, in California for two violations of California Business and Professions Code § 6103 (failure to obey a court order) (West 2021) and one violation of § 6068(o)(3) (failure to report judicial sanctions) (West 2019). The State Bar Court of California Review Department found that Beury violated these rules by failing to pay a sanctions order and a fees and costs order entered against him, and by failing to report the sanctions order to the State Bar of California as required under California law. The discipline order requires, in addition to serving a one-year stayed suspension, that Beury serve a six-month actual suspension as a condition of his two-year probationary period. The order also requires Beury to remain suspended beyond six months if he has not paid the specified restitution. Beury has not responded to the SCR 114 petition.

Under SCR 114(4), this court must impose identical reciprocal discipline unless the attorney demonstrates or this court determines that (1) the other jurisdiction failed to provide adequate notice, (2) the other jurisdiction imposed discipline despite a lack of proof of misconduct, (3) the established misconduct warrants substantially different discipline in this

22-00510

jurisdiction, or (4) the established misconduct does not constitute misconduct under Nevada's professional conduct rules.

We conclude that none of the four exceptions weighs against the imposition of identical reciprocal discipline in this case. While Beury was found to have violated a California rule that has no Nevada counterpart,[1] *see* SCR 114(4)(d) (indicating that if the misconduct established in the other jurisdiction does not constitute misconduct under Nevada's ethical rules, identical discipline may not be appropriate), the remaining, and arguably more egregious ethical violations, constitute ethical violations in Nevada. Furthermore, the discipline imposed in California is commensurate with discipline Nevada imposes for the other violations. Thus, we grant the petition for reciprocal discipline.

Accordingly, we hereby suspend Donald Dennis Beury from the practice of law in Nevada for one year starting from the date of this order. That suspension is stayed, and Beury shall serve a two-year probation. As a condition of probation, Beury shall serve a six-month actual suspension.[2] If Beury remains suspended in California after serving his six-month actual suspension, Beury shall notify the Nevada State Bar of the same, and the suspension from the practice of law in Nevada will continue to match the

---

[1]Beury failed to notify the California State Bar of the sanctions order entered against him, violating Cal. Bus. & Prof. Code § 6068(o)(3) (failure to report judicial sanctions).

[2]We note that there was a delay of approximately ten months between Beury notifying the State Bar of the California suspension and the State Bar's petition for reciprocal discipline to this court. We decline to address this delay further, however, as Beury did not file a brief in this case.

duration of the California suspension, subject to the conditions set forth in the California order.[3]

It is so ORDERED.

_____ , C.J.
Parraguirre

_____ , J.          _____ , J.
Hardesty                                Stiglich

_____ , J.          _____ , J.
Cadish                                  Silver

_____ , J.          _____ , J.
Pickering                               Herndon

cc:    Bar Counsel, State Bar of Nevada
       Donald Dennis Beury
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court

---

[3]The California order requires Beury to pay restitution during his six-month actual suspension as a condition of probation. If he does not, the suspension continues. If the suspension extends beyond two years, Beury must provide proof of his rehabilitation, fitness to practice, and present learning and ability in the general law to the California State Bar. Other conditions of Beury's probation include providing a declaration that he has reviewed the California Rules of Professional Conduct; complying with State Bar Rules, Professional Conduct Rules, and probation conditions; maintaining valid official addresses and other contact information with the State Bar; meeting and cooperating with the Office of Probation; submitting to the State Bar's jurisdiction and cooperating with the State Bar court; filing reports with the State Bar as directed; attending the State Bar ethics school and passing the associated test; passing the Multistate Professional Responsibility Examination; notifying clients of his suspension as required by California law; and paying the costs associated with the disciplinary proceedings.